UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION



SAMUEL T. STRIEGEL, JR.,  }
        Plaintiff,         }
                           }
v.                         }     CV 00-AR-3340-J
                           }
FAYETTE COUNTY COMMISSION, }
et al.,                    }
        Defendants.        }

**MEMORANDUM OPINION**

Before the court is what is styled an "appeal" from the costs assessed by the clerk against plaintiff, Samuel T. Striegel, Jr. ("Striegel") in the above styled matter. The court in its order of October 22, 2002, granted summary judgment for the defendants, the Fayette County Commission ("Commission") and David White ("White"), and taxed costs to Striegel. The Commission and White timely filed for costs. The cost clerk assessed costs of $1682.50 against Striegel as the nonprevailing party, and Striegel timely filed his motion to review costs. Included in the bill of costs was $961.70 for the deposition of Striegel taken by the Commission and White including an appearance fee of $120.00, a transcript fee of $765.00, and shipping/exhibits/mileage fees of $76.70. The Commission and White also submitted costs for copies of depositions noticed and taken by Striegel totaling $720.80, including shipping and exhibit fees for copies of Sheriff White's deposition for

1

$338.00, former Sheriff James Turner ("Turner") deposition for $179.50, and the deposition of John Underwood ("Underwood"), a coemployee of Striegel's for $196.00.

Striegel contends that under applicable local rules, the depositions and other expenses claimed are not recoverable as costs because these materials were not used at trial, but rather were used by the Commission and White to obtain summary judgment. The Commission and White dispute Striegel's position and assert that there is no local rule dealing with this matter, and that costs have been correctly assessed. The court set Striegel's motion for hearing on its regular motion docket of January, 10, 2003. During oral argument counsel for Striegel admitted that there was no local rule per se, but rather as a matter of local practice these costs are generally not assessed against the losing party, especially not costs for copies of depositions noticed and taken by the nonprevailing party.

The court finds no local rule dealing with the assessment of costs against a losing party on a motion for summary judgment. The assessment of costs is a matter of the court's discretion as guided by F.R. Civ. P. 54(d) and 28 USCS § 1920. *See* 50 ALR Fed 472. Section § 1920 specifically addresses what items may be taxed as costs and grants discretionary authority to the judge or clerk to tax costs for, among other things, stenographic transcripts or copies of papers "necessarily obtained for use in

2

the case". See § 1920(4). Thus, whether costs for depositions and copies of depositions may be taxed in favor of the prevailing party typically has been held to depend on whether, under the facts of a particular case, these were necessarily obtained for use in the case or whether they were obtained merely for the convenience of counsel. Courts have generally held that fees for depositions noticed and taken by the prevailing party are taxable as costs in favor of that party on a motion for summary judgment if they are necessary to the obtaining of summary judgment. Courts have also recognized a prevailing party's entitlement to tax the cost of copies of depositions taken on notice by the nonprevailing party if the copies are necessary. 28 USCA § 1920.

The court has reviewed the record and its memorandum opinion granting summary judgment. Based on the results of that review, the court finds that the Commission and White did not rely on the deposition testimony of John Underwood to obtain summary judgment. Accordingly, Underwood's deposition testimony was not necessary to the case. The cost for the copy of Underwood's deposition, $ 196.00, will be subtracted from the total assessed costs by separate order and costs will be reassessed accordingly.

DONE this 13th day of January, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3